# In The United States District Court
# For The Eastern District of Pennsylvania

---

## Curtis Clay Phillips Junior, Et Al

*Third Party Plaintiff*

*V.*

## COMMONWEALTH OF PENNSYLVANIA, Et Al,

*Defendants*

---

*Plaintiff's Bill in Equity*

Curtis Clay Phillips Junior at
CURTIS PHILLIPS – LL5924
500 E. Fourth Street
Chester, Pa. 19013

FEB 1 2018

## Parties

*Plaintiffs*

**Third Party Plaintiff:** Curtis Clay Phillips Junior, a natural man
**Address:** 500 E. Fourth Street, Chester, Pa. 19013

**Plaintiff:** CURTIS CLAY PHILLIPS JR, a legal entity
**Address:** Easton Area Hospital, 2100 Lehigh Street, Easton, Pa. 18042

*Defendants*

**Defendant:** COMMONWEALTH OF PENNSYLVANIA, a legal entity
**Address:** Office of the Secretary, 302 N. Office Bldg., Harrisburg, Pa. 17120

**Defendant:** NORTHAMPTON COUNTY, a legal entity
**Address:** Office of the Solicitor, 669 Washington Street, Easton, Pa. 18042

**Defendant:** ROY A. MANWARING II, a corporate officer
**Address:** 402 E. Broad Street, Bethlehem, Pa. 18018

**Defendant:** CRAIG A. DALLY, a corporate officer
**Address:** 669 Washington Street, Easton, Pa. 18042

**Defendant:** ROBERT A. HAWKE, a corporate officer
**Address:** 4330 Lehigh Drive, P.O. Box 958, Cherryville, Pa. 18035-0958

**Defendant:** EDWARD G. SMITH, a corporate officer
**Address:** 669 Washington Street, Easton, Pa. 18042

**Defendant:** ELLIOTT FORD, a corporate officer

**Address:** 530 Walnut Street, Suite 315, Philadelphia, Pa. 19106

**Defendant:** "BENDER", a corporate officer

**Address:** 530 Walnut Street, Suite 315, Philadelphia, Pa. 19106

**Defendant:** "MUSMANNO", a corporate officer

**Address:** 530 Walnut Street, Suite 315, Philadelphia, Pa. 19106

**Defendant:** JENNIFER R. SLETVOLD, a corporate officer

**Address:** 669 Washington Street, Easton, Pa. 18042

## Jurisdiction

Jurisdiction to hear this matter is conferred by the Judicary Act of 1789, § 11, 1 Stat. 78, which conferred on the Federal courts jurisdiction over "all suits … in equity." **GRUPO MEXICANO DE SARROLLO S.A. v. ALLIANCE BOND FUND, INC., 527 U.S. 308, 119 S. CT. 1961, 144 L.ED 1282**(1999); **TRUSTEES OF CONNEAUT LAKE PARK, INC. v. PARK RESTORATION, LLC., 554 B.R. 100; 2016 BANKR. LEXIS©27777; 63 BANKRUPTCY CASES NO, 14-11277-JAD, CH. 11. ADV. PROC. NO. 16-01029 J.A.D.**(2016).

**In The United States District Court for the
Eastern District of Pennsylvania**

| | |
|---|---|
| Curtis Clay Phillips Junior, *Third Party Plaintiff* <br> CURTIS CLAY PHILLIPS JR, *Plaintiff* <br> v. <br> COMMONWEALTH OF PENNSYLVANIA, Et al *Defendants* | Doc. No.: |

### Plaintiff's Bill in Equity

The Undersigned, one natural man known as Curtis Clay Phillips Junior states the following facts:

**1.)** I am the Plaintiff herein, Curtis Clay Phillips Junior, a Private American pursuant to Article One (1) of the Fourteenth (14th) Amendment to the United States Constitution who serves as the Agent and Equitable Owner of the sub-corporate entity Plaintiff "CURTIS CLAY PHILLIPS JR", in all of its legal formats being identified by the Social Security Number: 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. See, **Exhibit A, Declaration; 30 Am. Juris., 2nd Ed. Exch. § 23**. Defendants COMMONWEALTH OF PENNSYLVANIA (hereinafter "THE COMMONWEALTH") and NORTHAMTPON COUNTY (hereinafter "THE COUNTY") are sub-corporate entities operating under the corporate veil of THE UNITED STATES.

**2.)** Phillips brings this action as Third Party Intervener who is being and/or has been injured by the acts of THE COMMONWEALTH and NORTHAMPTON COUNTY as described herein without waiving any rights, remedies or defenses in his appearance, as the beneficiary of a trust since established. All contacts in regards to this matter are strictly by special appearance only, without waiving any rights, remedies or defenses, as *cestui que* enforcing equitable rights while specifically holding and not waiving any and all competing rights and other interests.

**3.)** On roughly October 9th, 1988 my mother, acting as my legal agent at the time, applied to THE UNITED STATES, through a sub-division operating as an agent thereof known as "THE COMMONWEALTH OF PENNSYLVANIA", for a birth certificate and shortly thereafter a Social Security Account, in order to acquire on my behalf the benefits and estate associated therewith. Following this application, THE UNITED STATES appointed to me two (2) bond certificates to a marketable title and estate of a sub-corporate entity thereof, identified as "CURTIS CLAY PHILLIPS JR", SSAN: 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. My mother acted as the agent for the entity for the years following the filing of the application during my coming of age.

**4.)** On March 23rd, 2012 at approximately noon, I was seized without cause by agents of the private corporation NORTHAMPTON COUNTY, my vehicle was seized for a period of time, I was held against my will and without cause for several hours and was later released. See, **Declaration/Complaint, E.D. Pa. Doc. No.: 15-6007**.

**5.)** On June 12th, 2012 I was again seized without cause and held against my will by agents of Defendant NORTHAMPTON COUNTY when they presented me with a contract in the form of a charging instrument/invoice pursuant to 27 C.F.R. § 72.11 which I refused to agree to.

**6.)** I was held against my will for 166 days without access to legal research materials or a means to file necessary documents under substantially oppressive conditions.

**7.)** Due to the severe nature of the conditions which I was held under I unwillingly accepted an alternate contract under undue duress and hardship. I informed the witness to the contract, Defendant CRAIG A. DALLY, that I did not wish to enter into the contract and that I was only doing so due to the facts that I was being held against my will, my Agent was not acting in my best interests and I was being severely mistreated – thus, that the consideration was thereby coerced. See, **PHILLIPS v. PA. DEP'T. OF CORR., Transcript of Nov. 13th, 2012, E.D. PA. Doc. No.: 14-5090; E.D. PA. Doc. No.: 15-6007**.

8.) Shortly thereafter, on March 6th, 2013 I was seized by an Agent of Defendant COMMONWEALTH OF PENNSYLVANIA, who presented me with a second charging instrument/invoice pursuant to 27 C.F.R. § 72.11 which I also refused to accept liability for. As a result, agents of THE COUNTY again held me against my will with the intention of illegally coercing me into a contract to exploit the interests of the sub-corporate entity which I own for the financial benefit of THE COMMONWEALTH.

9.) THE COMMONWEALTH and THE COUNTY then issued various forms of bonds against my entity and involuntarily substituted my physical body for surety for the debt which my entity purportedly owed to THE COMMONWEALTH and THE COUNTY under the unsigned instruments.

10.) Under the administrative rule of THE COMMONWEALTH, as well as by common law, a party to an instrument is not liable to that instrument unless he has signed it. See, **13 Pa.C.S.A. § 3401**. Thus, there is no standing for THE COMMONWEALTH to hold me on behalf of THE COUNTY for any debt associated with the invoices drawn on my entity.

11.) I am the agent for the entity, not the entity, and I have not volunteered to be surety therefore, thus there is no standing for THE COMMONWEALTH to hold me on behalf of THE COUNTY for any debt attributed to my entity.

12.) Defendants COMMONWEALTH OF PENNSYLVANIA and NORTHAMPTON COUNTY have acquired funds under my entity via the aforementioned instruments by issuing various bonds against/to the cases and the liability of my entity, as well as collected the value of my time at established rates.

13.) I have an equitable priority lien by nature against the entity for its gross net worth under common equity principles which "THE UNITED STATES" recognize no interest in. See, **Exhibit A, Declaration at ¶ 7-13**, and **¶ 17** below.

**14.)** On November 21st, 2017 I filed a Rule To Show Cause with Memorandum in a collateral State action at equity constituting notice of the claim of equitable ownership wherein I provided THE COMMONWEALTH and NORTHAMPTON COUNTY twenty-one (21) days from the date thereof pursuant to administrative rule to produce evidence a defect in the claim or the existence of a superior claim. No such evidence was filed by THE COMMONWEALTH or NORTHAMTPON COUNTY. See, **PHILLIPS v. COMM. OF PA., ET AL, NRTHMTPN CO. CT. CM. PL. Doc. No.: C-48-CV-2014-1599; Exhibit B**.

**15.)** On December 20th, 2017 I filed individual Notices, as well as requested time-stamped copies of the same, in letter format of the claim with a second opportunity to exhaust administrative remedies, or to produce evidence of a defect in the claim or the existence of a superior claim; however, the Prothonotary chose not to file these notices in the proper manner – an ongoing theme in all of my legal matters within THE COUNTY. See, **Exhibit C(1)**. Notwithstanding, common law has designed an equitable justification known as the "Prisoner Mailbox Rule" which is designed to account for such anomalies in the filing process of a *pro se* prisoner, **THOMAS v. ELASH, 2001 PA. SUPER. 214, 781 A.2D 170, 176**(PA. SUPER. 2001)(*Pro se* prisoner's documents deemed 'filed' on the date that they are placed into the mail for delivery; applicable to "all legal filings" by prisoner); **COMM v. CASTRO, 2001 PA. SUPER. 17, 766 A.2D 1283, 1287**(PA. SUPER. 2001)(Applicable even if documents not filed by the intended recipient). Two (2) separate Notices were also filed with the Secretary of State, See **Exhibit C(2)**.

**16.)** Following the Notices, a **Certification of Non-response** and **Declaration of Status** were filed in each individual matter. See, **Exhibit D**.

**17.)** The appointment of the bond to the entity and its estate, the transfer of interest therein, the delivery of the deed and the acceptance thereof each independently form a trust at common equity trust law between THE UNITED STATES and myself; thus, the cases constitute the *corpus* of a trust (established as of 11/22/17 & amended on 1/23/18), as they are a

-4-

commercial transaction and part of the estate of the entity which I own by extension pursuant to the priority lien. See, **DIVERSIFIED METAL PRODS. v. IRS, ET AL, CV-93-405E-EJE-U.S.D.C.D.I., PUBLIC LAW 95-564, SEN. RPTR. 94-1148 P. 5967, REORG. PL. NUM. 26, PUBLIC LAW 102-397, ¶ 14**("THE UNITED STATES claims priority to the interpleaded fund in each amount *after satisfaction* of the claim of competing claimants who are entitled to priority over THE UNITED STATES.")(emphasis added); **M'CULLOH v. MARYLAND, 4 WHEAT. 316, 4 LED 133 U.S. 496, 504, 33 LED 687, 690, 10 SUP. CT. REP. 341, 344**(States' interests extend only to "property *belonging*" to the U.S.)(emphasis added).

**18.)** The non-production of evidence of a defect in the claim or the existence of a claim superior to that established by the Notice following the request therefore constitutes a confession, admission and acceptance of the claim under common law, and a waiver of any argument regarding the claim, or a "constructive admission". See, **39 Am. Juris. 1st Ed., Notice § 7**; **COOPER v. FLESNER, 24 OKLA. 47, 103 P. 1016**(Notice of claim cannot be controverted).

**19.)** I am unaware of the amount of funds acquired under my title by THE COMMONWEALTH and THE COUNTY to which I am beneficially entitled and am therefore due an accounting on all of the legal matters being held and/or managed on my behalf by THE NORTHAMTPON COUNTY COURT OF COMMON PLEAS.

**20.)** The value of my time converted to a service collected by Defendants THE COMMONWEALTH and NORTHAMPTON COUNTY under common law equity principles when they chose to hold me against my will without due cause as described above. See, **POWELL v. DRUMHELLER, 539 PA. 484, 490**(1994)("The fact that there is a concurring [party bringing about the harm] does not relieve the Defendant of liability"); **KLINE v. MOYER, 325 PA. 357, 365, 191 A.2D 43, 47**(1937)("Unless the facts are undisputed, the question of proximate cause and intervening agency are for the jury."). Under the administrative rule of PENNSYLVANIA, as well as by the common law, the filing of Defendant THE COMMONWEALTH's Agent, THE

COUNTY's Preliminary Objections bears the effect of admitting the facts of The Complaint. Thus, Defendant's COMMONWEALTH OF PENNSYLVANIA and NORTHAMPTON COUNTY have admitted the allegations, the facts are undisputed in favor of The Complaint, THE COMMONWEALTH and THE COUNTY have failed to produce evidence of a defect in the claim or existence of a superior claim following Notice via Petition for Rule to Show Cause and Memorandum, and have subsequently waived any argument regarding the claim at common law. See, **Exhibit B; NRTHMPTN CO. CT. CM. PL. Doc. No.: C-48-CV-2014-1599; ¶ 18** above.

**21.)** The value of my time, adjusted with the cost of living increase since, has been set by The Courts at USD $3601.72 per day. When a portion of that time has been spent in the oppressive conditions of segregational housing that value has been enhanced three times. See, **NEWSOME v. MCCABE, 256 F.3D 747**(7TH Cir. 2001); **KERMAN v. CITY OF NEW YORK, 374 f.3d 93, 126**(2nd Cir. 2004); **WHITE v. MCKINLEY, 685 F.3D 525**(8TH Cir. 2010)**, Cet. Den., 131 S. CT. 799, 178 LED 2D 531**(2010).

**22.)** Defendants THE COMMONWEALTH and THE COUNTY have held me in segregational confinement for approximately 480 days since the date of my original incarceration on June 12th, 2012. See, **Complaint, E.D.PA. Doc. No.: 15-6007**.

**23.)** Defendants THE COMMONWEALTH and THE COUNTY therefore are liable to me for the gross net worth of the cases and other bonds and funds acquired in connection therewith, or with my title, times the lawful Constitutional definition of a U.S. Dollar's monetary worth at 23.2 grains of gold (roughly 62x contingent upon the value of an ounce/gram of gold).

**24.)** One June 12th, 2012 Defendant ROY A. MANWARING II ordered me to be held against my will in connection with the unsigned instruments drawn on my entity relating to the March 23rd, 2012 seizure described in my Declaration/Complaint at **E.D.PA. Doc. No.: 14-5090; 15-6007**.

-6-

**25.)** Defendant ROY A. MANWARING II's instrument constitutes a constructive contract at common law for the value of my time which remains outstanding, due and owing.

**26.)** Defendant ROY A. MANWARING II is therefore liable to me for the value of my time collected in connection with his instrument for the 166 day period of time between June 12th, 2012 seizure and my November 14th, 2012 release at USD $3601.72 per day times the lawful Constitutional definition of a U.S. Dollar's monetary worth at 23.2 grains of gold, in addition to the value of the approximately seven (7) day period therein spent in a "suicide watch" cell.

**27.)** On November 13th, 2012 CRAIG A. DALLY knowingly confirmed the imposition of a coerced consideration to a matter in which it was evident at face value that I bore no liability in relation to, as I did not sign the underlying instrument.

**28.)** Defendant CRAIG A. DALLY thereby converted and substituted his own personal liability for the liability of my entity and for the value of my time collected in the matter.

**29.)** Defendant CRAIG A. DALLY's above-referenced confirmation and instrument constitutes a constructive contract at common law which remains outstanding, due and owing.

**30.)** Defendant CRAIG A. DALLY is therefore liable to me for the value of my time collected in relation to the instrument at USD $3601.72 per day times the lawful Constitutional definition of a U.S. Dollar's monetary worth at 23.2 grains of gold spent in custody and/or under custodial restrictive living conditions for the period of time between November 13th, 2012 and April 25th, 2014.

**31.)** On March 6th, 2013 Defendant ROBERT A. HAWKE ordered me to be held against my will in connection with the unsigned instruments drawn on my entity in relation to the

March 6th, 2013 seizure as described within my Declaration/Complaint at **E.D.PA. Doc. No.: 15-6007; Exhibit G**.

**32.)** Defendant ROBERT A. HAWKE's instrument constitutes a constructive contract for the value of my time at common law which remains outstanding, due and owing.

**33.)** Defendant ROBERT A. HAWKE is therefore liable to me for the value of my time collected in relation to the instrument at USD $3601.72 per day times the lawful Constitutional definition of a U.S. Dollar's monetary worth at 23.2 grains of gold for my time spent in custody between March 6th, 2013 and February 14th, 2014, in addition to the value of the approximately ten (10) day period of time therein spent in a "suicide watch" cell.

**34.)** On February 14th, 2014 Defendant EDWARD G. SMITH knowingly confirmed the imposition of liability on an unsigned instrument drawn on my entity in relation to the March 6th, 2013 seizure despite good notice that a conflict of interest existed between my agent and I, as well as my disapproval of his actions/lack thereof, via two separate *pro se* petitions for disqualification of counsel together with first-hand testimony in regards to my disapproval.

**35.)** Defendant EDWARD G. SMITH thereby converted and substituted his own personal liability for the liability of my entity and for the value of my time collected in relation to the matter.

**36.)** Defendant EDWARD G. SMITH's above-referenced confirmation and instrument constitutes a constructive contract at common law for the value of my time and of my cases which remains outstanding, due and owing.

**37.)** Defendant EDWARD G. SMITH is therefore liable to me for the value of my time collected at USD $3601.72 per day from the date of February 14th, 2014 through the present

and for the value of my cases, times the lawful Constitutional definition of a U.S. Dollar's monetary worth at 23.2 grains of gold.

**38.)** On June 12th, 2016 Defendants ELLIOT FORD, "BENDER" AND "MUSMANNO" knowingly confirmed the imposition of liability on the unsigned instruments drawn on my title related to the March 6th, 2013 seizure as described within my Declaration/Complaint at **E.D.PA. Doc. No.: 15-6007**, *supra*. See, **PA. SUPER. CT. Doc. No.: 2168 EDA 2014**.

**39.)** Defendants ELLIOT FORD, "BENDER" and "MUSMANNO" thereby converted and substituted their own personal liability for the liability of my entity and for the value of my time in relation to the matter.

**40.)** Defendants ELLIOT FORD, "BENDER" and "MUSMANNO"'s above-referenced confirmation and instrument constitutes a constructive contract at common law for the value of my time and of my cases which remains outstanding, due and owing.

**41.)** Defendants ELLIOT FORD, "BENDER" and "MUSMANNO" are thereby liable to me for the value of my time collected in relation to the matter at USD $3601.72 per day, and for the value of my cases, times the lawful Constitutional definition of a U.S. Dollar's monetary worth at 23.2 grains of gold for my time spent in custody between June 21st, 2016 and the present, in addition to the value of a thirty-three (33) day period of time spent in segregational confinement therein.

**42.)** On January 9th, 2018 JENNIFER R. SLETVOLD stultified my contracts and trespassed on an established trust when she knowingly and with good notice confirmed the imposition of liability on all of the unsigned instruments drawn on my entity in relation to the March 6th, 2012 and March 6th, 2013 seizures, *supra*, subsequent the matter being previously accorded inactivity while contradicting established legal precedent and failing to apply the applicable

administrative rule. See, **Exhibit H; NRTHMPTN CO. CT. CM. PL. Doc. No.: C-48-CV-2014-1599**.

**43.)** Defendant JENNIFER R. SLETVOLD thereby converted and substituted her own personal liability for the liability of my entity and for the value of my time in the matter and of my cases.

**44.)** Defendant JENNIFER R. SLETVOLD's confirmation and instrument constitutes a constructive contract at common law for the value of my time and my cases which remains outstanding, due and owing.

**45.)** Defendant JENNIFER R. SLETVOLD is therefore liable to me for the gross net worth of my cases and my time in the matter from the date of January 9th, 2018 through the present at U.S.D. $3601.72 per day times the lawful Constitutional definition of a U.S. Dollar's monetary worth at 23.2 grains of gold.

**46.)** The Statute of Frauds does not require that an agreement for services be made in writing, **JEANETTE PAPER CO. v. LONGVIEW FIBRE CO., 378 PA. SUPER. 148, 161**(1988); nor need any such agreement or instrument state a specific value in order to constitute a valid debt, **Restatement (second) of Contracts § 354; 354(c), Comment c; Admin. Law, U.C.C. § 1-201(20)**.

**47.)** Defendant UNITED STATES appointed and delivered to my agent two (2) investment security bonds upon my birth, circa October 9th, 1988, to which it attached monetary values, and has been holding and managing those monetary values in accounts since the appointment, deliverance and acceptance of those bonds on my behalf as bare trustee of a constructive trust.

**48.)** As of October 26th, 2017 the notarized, signed and sealed investment security bonds were returned, with rider, to the VITAL RECORDS DIVISION of PENNSYLVANIA in NEW

CASTLE, PENNSYLVANIA and the SOCIAL SECURITY ADMINISTRATION office in EASTON, PENNSYLVANIA – acting as agents of the issuer of the bonds, and the maturity and proper acceptance thereof has been wholly perfected and recorded. See, **Declaration at ¶ 1-13 & Exhibit A**.

**49.)** I am subsequently holder-in-due-course of perfected title to the gross net worth of the accounts associated with the bonds, and the entity and its estate, and a Private American whose title is no longer a corporate product to be exploited for the benefit of the public. See, **PEARCE v. FREEMAN, 122 OKLA. 285, 54 P. 179; DONOVAN v. PITCHER, 53 ALA. 411**.

**50.)** A copy of the notarized bond could not be included in the Declaration due to the fact that the PA. DEP'T OF CORRECTIONS intercepts all Certificates or other forms of identification being sent into the institution. However, "a *pro se* prisoner need not make a procedurally perfect assertion of the [claim in question]." **HAKEEM v. BAYER, 990 F.2D 760, AT 764**(3rd Cir. 1992), as "courts [should be] especially 'flexible when dealing with imprisoned *pro se* litigants [who] often lack the resources and freedom necessary to comply with the technical rules of modern litigation.'" **MALA v. CROWN BAY MARINA, INC., 704 F.3D 239, 244-45, 58 I.V. 691**(3RD Cir. 2013.)

**51.)** Uniformity in the applicable law is of paramount importance to THE UNITED STATES judicial system. See, **U.S. Const. Art. IV, § 2**("The citizens of the each state shall be entitled to all the privileges and immunities of citizens of the several states."); **HOWLETT v. ROSE, 496 U.S. 356, 371, 110 S. CT. 2430, 110 L.ED 2D 332**(1990)("[T]he Supremacy Clause forbids states to dissociate themselves form Federal law because of a disagreement with its content or a refusal to recognize the superior authority of its source."). The objective of the clause is to place citizens of each state upon the same footing as citizens of other states, and to inhibit discriminate legislation against them by the states, **PAUL v. VIRGINIA, 8 WALL., 168, 75 U.S. XIX, 357**. An action in equity may be brought for the purpose of restraining the infliction of

-11-

contemplated wrongs, and the prevention of legal action which may be the occasion of serious injury to others, and is not merely remedial in nature, **THOMAS v. MUSICAL MUTUAL PROTECTIVE UNION, 121 N.Y. 45, 24 N.E. 24**. Jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and to the mode of obtaining it, is as efficient as the remedy which equity would confer in the circumstances, **KILLBOURN v. SUNDERLAND, 130 U.S. 505, 514, 32 L.ED 1005, 1008, 9 SUP. CT. REP. 594**; and courts should not rescue parties form the unwanted or harsh consequences of their freely contracted agreements, **THIRD NATIONAL BANK AND TRUST CO. OF SCRANTON v. LEHIGH VALLEY COAL CO., 353 PA. 185, 44 A.2D 571**(PA. 1945); **DURHAM TERRAC INC. v. HELLERTOWN BOROUGH AUTHORITY, 394 PA. 623, 148 A.2D 899**(PA. 1959). "[T]he substantive prerequisites for obtaining an equitable remedy as well as the general availability of injunctive relief ... are not altered by [modern law and rules of procedure] and depend on traditional principles of equity jurisdiction." **GRUPO MEXICANO DE DESARROLLO S.A. v ALLIANCE BOND FUND, INC., 527 U.S. 308, 119 S. CT. 1961, 144 L.ED 2D 319**(1999)(citation omitted). Thus, this action is not governed by modern rules of law designed for hybrid citizens; it is subject to the principles of equity exercised by the English Courts of Chancery and practices prior to the combination of actions for such citizens circa 1938.


**WHEREFORE**, I require an immediate preliminary injunctive order releasing me from the custody of the PENNSYLVANIA DEPARTMENT OF CORRECTIONS; issuance of a Writ of Detention in relation to the matters described herein; a Declaratory Order affirming the equitable ownership of the sub-corporate entity CURTIS CLAY PHILLIPS JR in all of its legal formats and/or those as nearly identical as to be confusingly similar thereto, being identified by aforementioned Social Security Number; a full accounting on the entity and its estate and/or all trusts ascertainable in the foregoing bill, as well as an extinguishment of all liabilities attributed to the entity and an order enforcing the trust arrangement first established on November 22nd, 2017 and amended on January 23rd, 2018 between Mr. Patrick T. Harker – C.E.O. and myself, as well as that this matter marked private and sealed from the public, as it is my personal private

-12-

property subject to invasion rights.

I, Curtis Clay Phillips Junior, hereby certify that the foregoing ^(FACTS ARE) true and correct to the best of my knowledge, information and belief pursuant to all applicable provisions of law regarding falsification of information to authorities. I further certify that on this __29th__ day of __January, 2018__, I did place the foregoing Bill in Equity with all attachments into the mail service for delivery, properly addressed, with first-class postage pre-paid, to:

**SERVED:** Mr. Michael E. Kunz – Clerk of Courts
U.S. Dist. Ct. For The E. Dist. Of PA.
601 Market Street, RM 2609
Philadelphia, Pa. 19106

Date: __1/29/18__

BY: _____
**Special, Private & Restricted**
Curtis Clay Phillips Junior at
CURTIS PHILLIPS – LL5924
500 E. Fourth Street
Chester, Pa. 19013

-13-

In The United States District Court For The
Eastern District of Pennsylvania

| | |
|---|---|
| Curtis Clay Phillips Junior, | |
|    *Third party plaintiff,* | Doc. No.: |
| CURTIS CLAY PHILLIPS JR, | |
|    *Plaintiff,* | |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, ET AL | |

**Order**

**AND NOW**, on this _____ day of _____, as the confession, admission and acceptance to/of the underlying claim is apparent as of record, therefore The Court has no available recourse lest to enter Judgment in favor of the claim, it is hereby **ORDERED** that:

**1.)** The PENNSYLVANIA DEPARTMENT OF CORRECTIONS shall immediately discharge Curtis Clay Phillips Junior from custody;

**2.)** THE COMMONWEALTH OF PENNSYLVANIA and any and all of its subsidiaries are hereby condemned from detaining or attempting to detain Curtis Clay Phillips Junior in regards to any issue related to the foregoing Bill;

**3.)** Curtis Clay Phillips Junior is hereby declared the equitable owner of the sub-corporate title CURTIS CLAY PHILLIPS JR;

**4.)** The Clerk shall arrange for a full accounting on the entity to identify any and all funds acquired thereunder to which Curtis Clay Phillips Junior is beneficially entitled and shall forward a copy of said accounting to the interested parties;

**5.)** Mr. Patrick T. Harker is to abide by the terms and provisions of the trust arrangement filed between Phillips and himself;

**6.)** This matter shall be marked PRIVATE and SEALED.

By my hand.


DATE: _____                         /S/_____, J.